## THE PEOPLE EX REL. CHARLES W. WALKER v. THE COURT OF SPECIAL SESSIONS OF THE CITY AND COUNTY OF NEW YORK.

*Indictment — abandonment of — Removal of case from General Sessions to Special Sessions — effect of, after indictment found — Dog — not beast of burden — what lawful use of.*

Complaint was made before a police justice charging the relator with the commission of a misdemeanor under the acts for the prevention of cruelty to animals. The relator demanded a trial by jury. The case was sent to the General Sessions, where the relator was indicted and arraigned and pleaded not guilty. Afterward, with the assent of the district attorney, the relator applied to have the complaint sent back to the Special Sessions, which was done and an indorsement to that effect made on the indictment. The relator was brought before the Court of Special Sessions, pleaded not guilty, was tried and convicted, and moved, in arrest of judgment, that if his trial was on the indictment the court had not jurisdiction; if on the complaint, that that had been superseded by the indictment. *Held*, that the relator was to be deemed to have been tried on the complaint, and that the proceedings and assent of the parties should be considered as an abandonment of the indictment.

A dog, although not a beast of burden, may lawfully be used upon a treadmill or in any other serviceable employment; but if he is cruelly used, it becomes a crime.

* See opinion of CHURCH, Ch. J., in The Matter of Van Antwerp; Lennon v. The Mayor, 55 N. Y., 361.

442 PEOPLE ex rel. WALKER v. SPECIAL SESSIONS.

FIRST DEPARTMENT, MAY TERM, 1875.

CERTIORARI to the Special Sessions to review the conviction'of the relator for a misdemeanor.

Charles W. Walker was arrested for cruelty to an animal in the city of New York, on May 18, 1874. On being arraigned before the police magistrate, he demanded a trial by jury at the General Sessions. He was indicted May 30, 1874, in that court, arraigned therein and pleaded not guilty, June 2, 1874.

Some little while thereafter, Walker, with his counsel, Charles F. Wetmore, Esq., appeared voluntarily at the bar of the Court of General Sessions, and a motion was made to remit the cause for trial to the Special Sessions. The clerk of the General Sessions thereupon entered on the back of the indictment, "Sent to Special Sessions by request of counsel, June 8, 1874."

On June 8, 1874, the complaint was sent by the Court of General Sessions to the Court of Special Sessions, for trial therein. Walker appeared, the charge stated in the complaint was then read to him, he pleaded not guilty thereto, the plea was entered in the minutes of the court, and the trial proceeded. When the evidence on both sides was closed, the counsel for the relator claimed that if the case was tried on the complaint, it was superseded by the indictment; if on the indictment, the court had no jurisdiction.

*H. O. Southworth*, for the relator.

*B. K. Phelps*, for the respondent.

DAVIS, P. J. :

Complaint on oath was made before a police justice on the 18th of May, 1874, charging the relator with a misdemeanor under the several acts for the prevention of cruelty to animals. The particular offense charged was the cruel treatment of a dog used by the relator on what is called a treadmill in the complaint. The relator was arrested, and on being arraigned before the police justice and on being informed of his rights, he demanded in writing a trial by jury of the complaint, and a trial at the Court of General Sessions of the Peace. The proceedings were thereupon sent to the General Sessions. On the thirtieth of May following, the relator was indicted in that court, and on being arraigned on the

2d day of June, 1874, pleaded not guilty.   Afterward the relator and his counsel appeared in the General Sessions held by and before the recorder, and with the assent of the district attorney made application that the complaint be sent back to the Special Sessions for trial.   The application was granted, and an entry to that effect was made by the clerk of the court on the back of the indictment.   The return states that "subsequently, on the 8th of June, 1874, the said complaint was sent by the Court of General Sessions aforesaid, to the Court of Special Sessions in said city and county, for trial by the said last named court, as appears by an indorsement upon the said complaint in these words, to wit: 'Sent to Court of Special Sessions, by request of counsel, June 8th, 1874.'"   On the eighth of October following, the Court of Special Sessions organized for the trial of misdemeanors, and caused the relator, as the return states, "to be brought before them for trial on the said complaint," and the charge in said complaint was distinctly read to the relator, and he pleaded thereto "not guilty," which plea was duly entered in the minutes.   The court thereupon proceeded to try the issue.   No objection whatever seems to have been made at this stage, to the jurisdiction of the court, or to the regularity of the proceedings ; and none seems to have been suggested till after the close of the case for the prosecution ; and no question of jurisdiction was distinctly raised till the evidence on both sides was closed. At that point the defendant's counsel said to the court : "If the case was tried on the complaint he would ask for an arrest of judgment ; if on the indictment he would claim that the court had no power to try it by consent or otherwise."   The court said it had nothing to do with the indictment ; and after the court found the defendant "guilty on the evidence," the "defendant's counsel moved in arrest of judgment, on the ground that if the finding is upon the complaint, the complaint has been superseded by the indictment."   The motion was denied and exception taken ; and the relator was sentenced upon the conviction to pay a fine of twenty-five dollars.   A record of the conviction and judgment was made in due form, and is annexed to the return.   It cannot be doubted that the proceedings in the General Sessions, to send the complaint back to the Special Sessions for trial, were informal and irregular. But they were taken with the consent and at the request of the

## 444 PEOPLE ex rel. WALKER v. SPECIAL SESSIONS.

First Department, May Term, 1875.

relator and as matter of favor to him. Whether the relator could not, at any time before going to trial on the complaint at the Special Sessions, have insisted upon his right to be tried by a jury at the General Sessions on the indictment, notwithstanding all that had taken place in respect to remanding the complaint, is not the question here before us. He appeared before the Special Sessions, to which court at his request the complaint had been sent, and joined issue upon the complaint, and went to trial according to the legal course of procedure in that tribunal, ignoring and waiving for that purpose his former demand of trial in the higher court and the indictment therein, and in effect consenting to all the jurisdiction over the complaint that the Special Sessions could have had if he had originally elected to be tried by that tribunal. By the act of 1855 * jurisdiction is given to the Special Sessions to try complaints for misdemeanors, when made in the police courts, whenever the arrested party chooses to waive his constitutional right of trial by jury as provided by the act cited and its amendments. When he elects to be tried by jury in the court of General Sessions, the Special Sessions have no jurisdiction to try the case unless the party chooses to waive his election, and voluntarily go to trial upon the complaint in that court. If he does make such a waiver, and goes to trial upon issue joined on the complaint, there seems to be no sound reason for permitting him afterward to allege any objection to the jurisdiction of the court. The substance of this case is, that upon a complaint for misdemeanor, which it is not asserted was not within the jurisdiction of the Special Sessions originally to have tried, the relator had taken steps to secure to himself a right to be tried by jury on an indictment in the General Sessions; but he voluntarily waived that right and formally consented to be tried on the complaint by the Special Sessions. He could not consent to the trial of the indictment in that court, because the indictment could only be tried according to the course of the common law by a jury of twelve men, in a tribunal having jurisdiction to try such indictments. That was settled in Cancemi's case.† But it is quite another thing to consent to a suspension of proceedings on the

* Laws of 1855, chap. 337, § 5; 5 Edm. Stat. at Large, 178.
† 18 N. Y., 128.

PEOPLE ex rel. WALKER *v.* SPECIAL SESSIONS. 445

First Department, May Term, 1875.

indictment, and to go back and be tried on the complaint by the Special Sessions. It is in legal effect precisely like appearing upon a new complaint in the latter tribunal and consenting to a trial according to its course, although an indictment for the same misdemeanor be pending in the higher court. The Special Sessions would not in such case be without jurisdiction, and its conviction and sentence would not be void. What effect they would have upon the pending indictment, would be quite another question. The practical effect of what took place in the General Sessions with the consent of the district attorney, the relator and the court, should be deemed equivalent to an abandonment of the indictment, and doubtless a formal order of *nolle pros.* ought to be entered; but this question is one that will properly arise if ever any attempt is made to try the relator on the indictment after his conviction on the complaint.

This case is disposed of, we think, when we determine that the relator has not been tried upon the indictment at all, and so has not been deprived of any constitutional right guaranteed to him upon such a trial; and that he has been tried upon a complaint only by his own consent before a tribunal having jurisdiction of such complaints, and according to its legal forms of procedure; and that he failed on such trial to plead the pendency of the indictment, or to raise any question at such time and in such manner, that he can now be heard to allege error notwithstanding his own consent and submission to the jurisdiction. On the merits of this case there appear to be no reasons for interfering with the judgment. Although a dog is not a " beast of burden " yet it is not cruelty to train and subject him to any useful purpose. His use upon a " treadmill " or an " inclined plane," or in any mode by which his strength or docility may be made serviceable to man, is commendable and not criminal; but his *abuse* while so employed, whenever it amounts to cruelty, is a crime and punishable precisely under the same circumstances as the cruel usage of the higher animals. Evidence enough was given on the part of the prosecution to show harsh and unreasonable treatment of his dog by the relator, producing unnecessary pain and suffering, and it was for the court below to determine from the conflicting evidence whether the alleged cruelty was established.

We think the writ should be dismissed, and the proceedings of the Special Term affirmed.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.